UNITED STATES BANKRUPTCY COURT         <u>FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

John T. Kramer,

            Debtor.
-------------------------------------------------------X

Chapter 7

Case No. 12-77196-478

# **MEMORANDUM DECISION**

*Appearances:*

Phillips, Weiner, Artura & Cox
Attorneys for Debtor
By: Richard F. Artura, Esq.
165 South Wellwood Avenue
Lindenhurst, NY 11757


Richard K. Koral, Esq.
Attorney for Harbor Park Realty, LLC
180 Ridgefield Avenue
South Salem, NY 10590


HONORABLE DOROTHY T. EISENBERG, UNITED STATES BANKRUPTCY JUDGE

Before the Court is the objection of Harbor Park Realty, LLC ("Harbor") to the proposed order denying its motion to extend its time to object to the Debtor's discharge or the dischargeabiltiy of its debt. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (J) and (O) and 11 U.S.C. §§ 523 and 727. The following constitutes the Court's findings of fact and conclusions of law as mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

FACTS

The Debtor's obligation to Harbor arises from the debtor's personal obligation on a business debt. Harbor was the landlord to a food service business operated by the Debtor under the name of J.T. Salosa's Metro Market, Inc. ("Market") at the premises located at 1019 Fort Salonga Road, Northport, New York. Debtor executed a personal guarantee of Market's lease obligations.

Allegedly, the Debtor did not give Harbor the required 120 days notice to terminate the lease but abandoned the premises in the middle of the night without warning or notice. In addition, the Debtor caused physical damage to the premises with respect to the mechanical systems, the ceiling and walls, and ripped out fixtures. According to an assessment rendered by an engineering firm retained by Harbor, the damages to the premises total approximately $179,000. The Debtor subsequently sold the fixtures from the premises. Harbor commenced an action against Market and the Debtor in the Supreme Court of the State of New York for rent owed and damages to the premises.

The individual debtor filed for chapter 7 relief on December 17, 2012. Other than the Debtor's mortgage, Harbor is the Debtor's largest creditor. The initial meeting of creditors

1

pursuant to 11 U.S.C. § 341 was held on January 23, 2013 ("section 341 meeting"). Harbor

attended the section 341 meeting and was given the opportunity to examine the Debtor. The

deadline to object to the Debtor's discharge or dischargeability of debt was March 25, 2013 (the

"Objection Deadline").

On March 5, 2013, six weeks after the section 341 meeting, Harbor filed an application

for an examination of the Debtor pursuant to Bankruptcy Rule 2004 (the "Rule 2004

Application"). Rather than filing and making the Rule 2004 Application on an *ex parte* basis or

on shorten notice which are permitted by the Court as Bankruptcy Rule 2004 does not require

notice and a hearing, Harbor had the Rule 2004 Application noticed for presentment, which

pursuant to Local Bankruptcy Rule 2002-1(c), requires twenty-one days' notice plus three

additional days where the application was served by first class mail as was the case here.

According to the notice accompanying the Rule 2004 Application, the application was to be

presented for the Court's review and signature on March 21, 2013, which was four days prior to

the deadline to the Objection Deadline and approximately eight days short of the required notice

period. The Rule 2004 Application was subsequently granted on April 2, 2013.

On March 21, 2013, Harbor timely filed a motion seeking to extend its time to object to

the Debtor's discharge and/or dischargeability of the debt owed to Harbor (the "Motion"). The

Motion was served upon the Debtor's bankruptcy counsel, the chapter 7 Trustee, and the Office

of the United States Trustee. The Motion was returnable for a hearing before the Court on April

25, 2013 (the "April 25 Hearing"). In the Motion, Harbor stated that it was concerned that the

Debtor has retained undisclosed assets and obligations and debts that were omitted from his

bankruptcy schedules and preferred not to commence an action if a substantial basis for such a

claim is not established in the course of its preliminary investigation. Accordingly, Harbor sought an extension of time to effectively conduct its investigation.

Debtor's counsel filed a written objection to the Motion on behalf of the Debtor on April 4, 2013 on the basis that the Motion failed to demonstrate cause for an extension pursuant to Bankruptcy Rules 4004 and 4007 and that service of the Motion was not made upon the Debtor as required pursuant to Bankruptcy Rules 9014 and 7004 prior to the expiration of the time to object to discharge or dischargeability.

At the April 25 Hearing, Debtor's counsel appeared but counsel for Harbor failed to appear. Debtor's counsel argued that the Motion should be denied even though the Motion was timely filed because the Motion was not served upon the Debtor as required and reiterated that no cause was presented in the Motion as to why an extension of time was necessary. After determining that there was no reason nor justification provided in the Motion seeking to delay the Debtor from obtaining his discharge, the Court denied the Motion and directed Debtor's counsel to settle a proposed order denying the Motion upon Harbor's counsel.

On May 8, 2013, Harbor's counsel, Richard Koral, Esq,  filed an opposition to the entry of the proposed order denying the Motion. The Court scheduled a hearing on May 30, 2013 (the "May 30 Hearing") on Harbor's opposition to the entry of the proposed order.

Both Mr. Koral and Debtor's counsel appeared at the May 30 Hearing. Mr. Koral explained that he had mis-calendared the return date of the Motion even though the correct hearing date was set forth in the motion papers that he had drafted and set forth on the Court's docket. Mr. Koral contends that his nonappearance at the April 25 Hearing was inadvertent and should be waived on the grounds of excusable neglect as the non-appearance was not willful,

that Harbor had a meritorious claim, and that there was little prejudice to the Debtor. Harbor would seek either a denial of discharge or an exception to the dischargeability of its debt pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury by the debtor to Harbor or Harbor's property. Debtor argues that the mis-calendaring of the return date of the Motion does not excuse Harbor's failure to serve the Motion upon the Debtor as required pursuant to the Bankruptcy Rules 9014 and 7004, and that any further extensions of time would prejudice the Debtor in obtaining his discharge. Harbor counters that the Motion is not a contested motion pursuant to Bankruptcy Rule 9014 and that the Debtor need not be served with the Motion as long as the Motion was served on Debtor's counsel pursuant to Bankruptcy Rule 7005.

Post-hearing submissions were filed by Harbor's counsel on June 5, 2013 and by the Debtor's counsel on June 12, 2013. The post-hearing submissions substantially reiterated the parties' respective arguments at the May 30 Hearing, although Harbor argues that to the extent service was required upon the Debtor, that Harbor's failure to serve the Debtor be waived as a harmless error pursuant to Bankruptcy Rule 9005 because the oversight was not made in bad faith and Debtor's counsel was served and an objection to the Motion to extend time was filed on behalf of the Debtor.

<u>DISCUSSION</u>

The issues before the Court are whether service of a motion to extend time to object to discharge or dischargeability on Debtor's counsel but not served on the debtor constitutes sufficient service, and to the extent there is insufficient service, should such error be waived and the Motion granted.

Pursuant to Bankruptcy Rule 4004, the court may upon motion of any party in interest,

after notice and hearing, extend the time to object to discharge for cause shown. Fed. R. Bankr.

P. 4004(b)(1).

Similarly, pursuant to Bankruptcy Rule 4007, the court may upon motion of any party in

interest, after notice and hearing, extend for cause the time to file a complaint objecting to

dischargeability of debt in a chapter 7 case under 11 U.S.C. § 523(a)(2), (4) or (6). Fed. R.

Bankr. P. 4007(c). Accordingly, cause must be shown for an extension of the deadline under

Bankruptcy Rules 4004(b) and 4007(c). Any motion under Bankruptcy Rules 4004(b)(1) and

4007(c) must be filed prior to the expiration of the time to object to discharge or

dischargeability.

However, neither of these Bankruptcy Rules specifies upon whom service of such motion

is required in order to effectuate service. Debtor argues that a motion to extend time is a

contested proceeding and thus Bankruptcy Rule 9014 applies.

Bankruptcy Rule 9014 provides in pertinent part:

> (a) **Motion.** In a contested matter not otherwise governed by these rules, relief
> shall be requested by motion, and reasonable notice and opportunity for hearing
> shall be afforded the party against whom relief is sought. No response is required
> under this rule unless the court directs otherwise.
> (b) **Service.** The motion shall be served in the manner provided for service of a
> summons and complaint by Rule 7004. Any paper served after the motion shall be
> served in the manner provided by Rule 5(b) F.R. Civ. P.

Fed. R. Bankr. P. 9014. According to Bankruptcy Rule 7004, service of a motion with respect to

a contested matter must be made upon the debtor by mailing a copy to the debtor at the address

shown in the petition or to such other address as the debtor may designate in a filed writing. Fed.

R. Bankr. P. 7004(b)(9).

While some of the provisions of Bankruptcy Rules explicitly mandate that certain

motions be made in accordance with Rule 9014, such as Rule 4001 for motions seeking relief

from the automatic stay, use of cash collateral, or for obtaining credit, and Rule 4003 for motions

seeking avoidance of a judicial lien under 11 U.S.C. § 522(f), Rules 4004 and 4007 are silent on

whether a motion to extend time to object to discharge or dischargeability must be made

pursuant to Rule 9014. Collier on Bankruptcy notes that:

> [b]roadly speaking, disputes that arise in bankruptcy cases can be divided into the
> following categories: (1) adversary proceedings, governed by Part VII of the
> Rules; (2) administrative matters, in which there is no adversary party (for
> example, an unopposed motion by a trustee to sell property of the estate); and (3)
> contested matters, which do not qualify as adversary proceedings because they are
> not included in the Rule 7001 list. Contested matters resemble adversary
> proceedings in that there are (at least) two parties who are opposing each other
> with respect to relief sought by one of them.

10 Collier on Bankruptcy ¶ 9014.01 (16th ed. 2013). A motion to extend time to object to

discharge and/or dischargeability is a contested matter as it is expected that a debtor would

generally oppose such an extension. *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443 (11th Cir.

1994). *See also*, 10 Collier on Bankruptcy ¶ 9014.01 (listing a motion to extend a bar date to file

a nondischargeability complaint to be a type of contested matter). Often, a debtor who does not

oppose a request for an extension of time would enter into a consensual stipulation without any

need for a motion and a hearing before the court. While there is one decision, *Philmar Jewelers,

Inc., et al. v Cirkinyan (In re Cirkinyan)*, 192 B.R. 643 (D.N.J. 1996), which rejected a debtor's

argument that motions to extend time under Rule 4007(c) are contested matters, this case is not

binding authority on this Court. *In re Lamberti*, No. 06-35218, 2006 Bankr. LEXIS 2140 (Bankr.

S.D.N.Y. Aug. 16, 2006).

Accordingly, the motion to extend Harbor's time to object to the Debtor's discharge and

dischargeability of the debt owed to Harbor is a contested matter governed by Rule 9014 which

requires service to be pursuant to Bankruptcy Rule 7004. Indeed, the Debtor's counsel filed

opposition papers to the Motion and had appeared at the April 25 Hearing and at the May 30

Hearing and presented arguments against the granting of the Motion and with respect to Harbor's

opposition to the proposed settled order. Service on an attorney pursuant to Rule 5 of the Federal

Rules of Civil Procedure ("Fed. R. Civ. P.") as made applicable by Bankruptcy Rule 7005 only

relates to any paper served after the initial contested motion to which it relates is served. Fed. R.

Bankr. P. 9014(b). Because Harbor failed to serve the Debtor as required by Bankruptcy Rule

7004(b)(9), Harbor's Motion is defective for failure to properly effectuate service.

Harbor argues that its failure to properly effectuate service of process should be waived

as a harmless error because such failure was a mere oversight and Debtor's counsel had notice of

the Motion and filed an opposition on the Debtor's behalf. Bankruptcy Rule 9005, which deals

with harmless error, provides that Rule 61 of the Federal Rules of Civil Procedure ("Fed. R. Civ.

P.") applies. Rule 61 of the Fed. R. Civ. P. in turn provides that:

> [u]nless justice requires otherwise, no error in admitting or excluding evidence –
> or any other error by the court or a party – is ground for granting a new trial, for
> setting aside a verdict, or for vacating, modifying, or otherwise disturbing a
> judgment or order. At every stage of the proceeding, the court must disregard all
> errors and defects that do not affect any party's substantive rights.

Fed. R. Civ. P. 61.

In this instance, notwithstanding Harbor's failure to properly serve the Debtor, the Debtor

had notice of the Motion through his counsel, had the opportunity to have opposition papers filed

timely on his behalf, and had his counsel appear in opposition to the Motion at the April 25

Hearing; thus, the Debtor was not prejudiced by Harbor's failure to comply with Bankruptcy

Rule 7004. Additionally, Debtor was not greatly prejudiced by Harbor's counsel failure to

properly calendar the return date of the Motion in that Debtor had another opportunity to raise

his arguments in opposition to the Harbor's Motion at the May 30 Hearing. However, even if the

Court were to waive the defective service and the mis-calendaring of the return date of the

Motion, the Court finds upon consideration of the underlying merits of the Motion that Harbor

failed to present sufficient cause to extend the deadline to object to the Debtor's discharge and

the dischargeability of debt  pursuant to Bankruptcy Rules 4004(b) and 4007(c).

Bankruptcy courts in the Second Circuit consider the following relevant factors in

determining whether cause exists:

> (1) whether the creditor has received sufficient notice of the deadline and
> information to file an objection; (2) the complexity of the case; (3) whether the
> creditor has exercised diligence; (4) whether the debtor has refused in bad faith to
> cooperate with the creditor; and (5) the possibility that proceedings pending in
> another forum will result in collateral estoppel of the relevant issues.

*In re Chatkhan*, 455 B.R. 365, 367-8 (Bankr. E.D.N.Y. 2011) (quoting *In re Bressler*, No. 06-

11897, 2007 Bankr. LEXIS 93, at *3 (Bankr. S.D.N.Y. Jan. 12, 2007); *In re Gotay*, No. 05-

12118, 2005 Bankr. LEXIS 3479 (Bankr. S.D.N.Y. Aug. 30, 2005); *In re Nowinski*, 291 B.R.

302, 305-6 (Bankr. S.D.N.Y. 2003).

In this case, Harbor received sufficient notice of the deadline and information to file an

objection. It received notice of and attended the section 341 meeting and was aware of the

deadline. The case was not any more complex than a normal chapter 7 case. The court is

unaware of any proceeding pending in another forum that will result in a collateral estoppel of

the relevant issues before this Court. While Harbor has commenced a state court proceeding

against the Debtor for damages, any determination in state court would not result in collateral

estoppel of any proceeding before this Court nor has the creditor moved to vacate the automatic

stay. There is no indication that the debtor has refused to cooperate with the creditor.

Harbor's basis for an extension of the objection deadline is to enable it to conduct an investigation into the Debtor's assets and liabilities. While Harbor had a limited opportunity to examine the Debtor at the section 341 meeting, there is no indication that Harbor exercised any diligence in seeking to further examine the Debtor or to obtain documents from the Debtor during the sixty day period Harbor had to object to discharge. "The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to the expiration of the deadline." *In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997) (finding lack of diligence where creditor waited until five days prior to the expiration to file a Bankruptcy Rule 2004 motion and the last day to file its extension motion). See also *In re Chatkhan*, 455 B.R. at 368; *In re Gotay*, No. 05-12118, 2005 Bankr. LEXIS 3479, at *6-7 (denying an extension where creditor waited five days before the deadline to move for an examination and the production of documents). *In re Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995) (finding lack of cause where the creditor waited ten days prior to the expiration of the deadline to file a Rule 2004 application).

For the six week period after the section 341 meeting, Harbor had the opportunity to commence its investigation of the Debtor but it did nothing in the way of discovery until it filed the Rule 2004 Application on March 5, twenty days prior to the expiration of the objection deadline. Even then, the act of filing of the Rule 2004 Application itself in advance of the expiration deadline is not evidence of the creditor being diligent but rather the actual exercise of discovery through the examination of the debtor and the timely request for the production of documents. The Rule 2004 Application could have been made *ex parte* or as a motion to be

9

heard by the Court on shortened notice to enable Harbor to commence discovery immediately. Yet, Harbor noticed the Rule 2004 Application for review and signature for March 21, which was four days prior to the objection deadline. While Harbor based its request for an extension on the pending Rule 2004 Application and the need to conduct discovery, Harbor in essence handicapped itself such that it could not and did not pursue any discovery even during the twenty-day period between the filing of the Rule 2004 Application and the objection deadline. Rather, any discovery was going to wait until after the expiration of the objection deadline pending the return date for the Motion to extend time. Accordingly, the Court finds that Harbor's failure to conduct any discovery prior to the expiration of the deadline demonstrates the lack of diligence; and thus, no cause has been shown as to why it should be given additional time to object to the Debtor's discharge of debts.

<u>CONCLUSION</u>

Based upon the foregoing, the Court finds that Harbor failed to properly serve notice of the Motion upon the Debtor as required pursuant to Bankruptcy Rules 9014 and 7004, and that notwithstanding the fact that Debtor was not prejudiced by the defect in service, Harbor has not shown cause for the extension of the deadline to object to the Debtor's discharge and the dischargeability of its debt due to Harbor's lack of diligence in pursuing discovery. Accordingly, Harbor's objection to the Debtor's proposed settled Order is overruled.

A separate order denying Harbor's Motion shall be entered by the Court.



**Dated: Central Islip, New York**
**June 18, 2013**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**

10